COOLEY LLP
JESSICA VALENZUELA SANTAMARIA (220934)
(jsantamaria@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
JACQUELINE B. KORT (280505) (jkort@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-2155
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendant
BLURB, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCSICO DIVISION

| | |
|---|---|
| NARUTO, a Crested Macaque, by and through his Next Friends, PEOPLE FOR THE ETHICAL TREAMENT OF ANIMALS, INC., and ANTJE ENGELHARDT, Ph.D., <br><br> Plaintiffs, <br> v. <br><br> DAVID JOHN SLATER, an individual, BLURB, INC., a Delaware corporation, and WILDLIFE PERSONALITIES, LTD., a United Kingdom private limited company, <br><br> Defendants. | Case No. 15-cv-04324(WHO) <br><br> **BLURB, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT** <br><br> Hearing Date: January 6, 2016 <br> Time: 2:00 p.m. <br> Courtroom: 2, 17th Floor <br> Judge:  Hon. William H. Orrick <br> Trial Date: Not Yet Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Blurb Inc. ("Blurb") hereby requests that the Court take judicial notice of the documents identified below in support of Blurb's concurrently filed Motion to Dismiss Plaintiffs' Complaint ("Motion To Dismiss"). All exhibits are attached to the Declaration of Angela L. Dunning in Support of Blurb's Motion to Dismiss ("Dunning Decl.").

## I.  DOCUMENTS OF WHICH DEFENDANT SEEKS JUDICIAL NOTICE

**Exhibit 1:**  Blurb's "About Blurb" webpage, found at http://www.blurb.com/about-blurb (accessed on November 4, 2015).

**Exhibit 2:**  Blurb's "Disclaimer" webpage, found at http://www.blurb.com/disclaimer (accessed on November 4, 2015).

**Exhibit 3:**  Blurb's "Terms and Conditions" webpage, found at http://www.blurb.com/terms (accessed on November 4, 2015).

**Exhibit 4:**  An August 8, 2014 post authored by Ingrid Newkirk entitled *It's the Monkey Who Should Own The Selfie*, available at: https://www.thedodo.com/community/IngridNewkirk/its-the-monkey-who-should-own--663672003.html.

## II.  LEGAL STANDARDS

When ruling on a motion to dismiss, the Court may consider any matter subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that taking judicial notice of facts does not convert a motion to dismiss into a motion for summary judgment); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (same). Judicial notice is appropriate for facts "not subject to reasonable dispute" that are either generally known within the jurisdiction of the trial court or are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own

COOLEY LLP
ATTORNEYS AT LAW

1

BLURB'S REQUEST FOR JUDICIAL NOTICE
I/S/O MOTION TO DISMISS COMPLAINT
15-CV-04324-WHO

or "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

All of the items for which Blurb requests judicial notice are "not subject to reasonable dispute," are generally known within the Court's territorial jurisdiction, and can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Accordingly, they may be considered in ruling on Blurb's Motion To Dismiss. *See, e.g., Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 459 (9th Cir. 1995) (taking judicial notice of layoffs reported in newspaper because "[t]his is a fact which would be generally known in Southern California and which would be capable of sufficiently accurate and ready determination").

## III. ARGUMENT

### A. The Court May Take Judicial Notice of Blurb's Webpages (Exhibits 1–3) and PETA's Editorial (Exhibit 4)

Courts routinely take judicial notice of the content of internet webpages. *E.g., Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (taking judicial notice of the content of website pages); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (same); *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006) (same); *Richards v. Cable News Network, Inc.*, 15 F. Supp. 2d 683, 691 (E.D. Pa. 1998) (same).

Federal courts have taken judicial notice of the content of a party's website. *E.g., Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001); *Missing Link, Inc. v. eBay, Inc.*, No. C-07-04487 RMW, 2008 WL 1994886, at *4–7 (N.D. Cal. May 5, 2008) (considering and taking judicial notice of the defendant's User Agreement); *Noll v. eBay, Inc.*, 282 F.R.D. 462, 463 n.1, 466 (N.D. Cal. 2012) (same); *Rosado v. eBay, Inc.*, 53 F. Supp. 3d 1256, 1260 n.1 (N.D. Cal. 2014) (same). In *Hendrickson*, for example, the court was deciding whether the defendant was liable for vicarious copyright infringement for permitting third parties to sell

infringing items on its website. 165 F. Supp. 2d at 1087–88. In its decision granting judgment in favor of the defendant, the Court examined how the defendant's website worked and held that, "[t]o the extent some of the descriptions about [the defendant's] website are not in the record, the Court takes judicial notice of [the defendant's website] and the information contained therein pursuant to Federal Rule of Evidence 201." *Id.* at 1084 n.2.

Exhibits 1 through 3 are true and correct copies of pages from Blurb's website, including Blurb's "About Blurb" webpage, "Disclaimer," and "Terms and Conditions." Because these webpages are not subject to reasonable dispute, the Court should take judicial notice of Exhibits 1 through 3.

Similarly, Exhibit 4 is a website posting by Next Friend PETA's President on a "publicly accessible website," whose accuracy cannot be reasonably questioned and the contents of which are not subject to reasonable dispute. *Perkins*, 53 F. Supp. 3d at 1204. As such, Exhibit 4 is subject to judicial notice.

## IV. CONCLUSION

All of the documents for which Defendant Blurb seeks judicial notice—Exhibits 1 through 4—are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy. *See* Fed. R. Evid. 201. For this and all the reasons stated above, Defendant respectfully asks that the Court take judicial notice of the requested documents.

Dated:   November 6, 2015            COOLEY LLP


                                     */s/ Angela L. Dunning*
                                         Angela L. Dunning

                                     Attorneys for Defendant
                                     Blurb, Inc.