Andrew J. Dhuey (State Bar No. 161286)
ajdhuey@comcast.net
456 Boynton Avenue
Berkeley, CA 94707
Tel: 510-528-8200

*Attorney for Defendants David John Slater*
*and Wildlife Personalities, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARUTO, a Crested Macaque, by and through his Next Friends, PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., and ANTJE ENGELHARDT, Ph.D.<br><br>Plaintiff,<br><br>vs.<br><br>DAVID JOHN SLATER, an individual, BLURB, INC., a Delaware corporation, and WILDLIFE PERSONALITIES, LTD., a United Kingdom private limited company,<br><br>Defendants. | Case No.: 15-cv-4324-WHO<br><br>**MOTION TO DISMISS THE COMPLAINT FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br>**[FED. R. CIV. P. 12(b)(1), 12(b)(6)]**<br><br>Date: Jan. 6, 2016<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor<br><br>Judge: Hon. William H. Orrick |

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD: NOTICE IS HEREBY GIVEN that on January 6, 2016, at 2:00 p.m. or as soon thereafter as counsel may be heard, before the Honorable William H. Orrick in Courtroom 2, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants David John Slater and Wildlife Personalities, Ltd. ("WPL") will and hereby do move the Court to dismiss this case under Fed. R. Civ. P. 12(b)(1) for lack of standing to sue, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. By each of these motions, Defendants seek dismissal of this matter with prejudice.

_____
MOTION TO DISMISS – Defendants Slater and WPL

# INTRODUCTION

A monkey, an animal-rights organization and a primatologist walk into federal court to sue for infringement of the monkey's claimed copyright. What seems like the setup for a punchline is really happening. It should not be happening. Under *Cetacean Community v. Bush*, 386 F.3d 1169 (9th Cir. 2004), dismissal of this action is required for lack of standing and failure to state a claim upon which relief can be granted. Monkey see, monkey sue is not good law – at least not in the Ninth Circuit.

# RELEVANT FACT

The only pertinent fact in this case is that Plaintiff is a monkey suing for copyright infringement. Plaintiff's factual assertions regarding the creation of the famous Monkey Selfie photograph are fundamentally erroneous, but they must be accepted as true for purposes of this Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (Regardless, the true story of how this photograph came to be is available at http://www.djsphotography.co.uk/original_story.html.)

# ARGUMENT

"[I]f Congress and the President intended to take the extraordinary step of authorizing animals as well as people and legal entities to sue, they could, and should, have said so plainly." *Cetacean Community*, 386 F.3d at 1179 (*quoting Citizens to End Animal Suffering & Exploitation, Inc. v. New England Aquarium*, 836 F. Supp. 45, 49 (D. Mass. 1993)). In *Cetacean Community*, the Ninth Circuit rejected the notion that non-human animals could have standing under four Acts of Congress, including two that Congress enacted for the protection of animals: the Endangered Species Act and the Marine Mammal Protection Act. 386 F.3d at 1177-78. The standing inquiry for animals under *Cetacean Community* is very simple: unless Congress has plainly stated that animals have standing to sue, the federal courts will not read any legislation to confer statutory standing to animals. *Id.* at 1179.

Congress has not plainly stated that non-human animals have standing to sue for copyright infringement. Nothing in Title 17 of the United States Code even hints at that possibility. Indeed, imagining a monkey as the copyright "author" in Title 17 of the United States Code is a farcical journey Dr. Seuss might have written. The "children" of an "author" can inherit certain rights,

"whether legitimate or not" and that includes "children legally adopted" by the author. *See* 17 U.S.C. §§ 101, 201, 203 and 304. An author's "widow or widower owns the author's entire termination interest unless there are any surviving children or grandchildren of the author, in which case the widow or widower owns one-half of the author's interest."
§ 203(a)(2)(A). Accepting Plaintiff's standing argument would present the bizarre possibility of protracted family and probate court battles when the offspring of non-human authors scrum over the rights to valuable works.

To be sure, there are quite reasonable arguments for conferring legal standing for animals (via human *ad litem* representatives) in some areas of law – especially with regard to legislation enacted to protect the animals in question. *See, e.g.*, Hogan, COMMENT: Standing for Nonhuman Animals: Developing a Guardianship Model from the Dissents in *Sierra Club v. Morton*, 95 Calif. L. Rev. 513 (2007). The law of trusts now expressly recognizes the legitimacy of trusts for the benefit of non-human animals. *See* Uniform Trust Code 105(b) ("A charitable organization expressly entitled to receive benefits under the terms of a charitable trust or a person appointed to enforce a trust created for the care of an animal . . . has the rights of a qualified beneficiary under this [Code]."). Defendants David Slater, a nature photographer who is deeply concerned about animal welfare, and WPL wholeheartedly embrace legal standing and property rights for animals in those contexts.

Still, if the humans purporting to act on Plaintiff's behalf wish for copyright to be among the areas of law where non-human animals have standing, they should make that dubious case to Congress – not the federal courts. Enumerating the reasons why animals should not be able to sue for copyright infringement would serve no useful purpose in this motion since controlling Ninth Circuit authority requires dismissal of this action.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint with prejudice.

By: /s/ Andrew J. Dhuey
     Andrew J. Dhuey

1 Andrew J. Dhuey (State Bar No. 161286)
ajdhuey@comcast.net
2 456 Boynton Avenue
Berkeley, CA 94707
3 Tel: 510-528-8200

4
*Attorney for Defendants David John Slater*
5 *and Wildlife Personalities, Ltd.*

6

7 UNITED STATES DISTRICT COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9 NARUTO, a Crested Macaque, by and through ) Case No.: 15-cv-4324-WHO
his Next Friends, PEOPLE FOR THE )
10 ETHICAL TREATMENT OF ANIMALS, ) **[PROPOSED] ORDER GRANTING**
INC., and ANTJE ENGELHARDT, Ph.D. ) **MOTION TO DISMISS**
11 )
12 Plaintiff, ) Date: Jan. 6, 2016
) Time: 2:00 p.m.
13 vs. ) Courtroom: 2, 17th Floor
)
14 DAVID JOHN SLATER, an individual, ) Judge: Hon. William H. Orrick
15 BLURB, INC., a Delaware corporation, and )
WILDLIFE PERSONALITIES, LTD., a )
16 United Kingdom private limited company, )
)
17 Defendants. )

18

19 This cause having come before the Court upon the Motion to Dismiss of Defendants David

20 John Slater and Wildlife Personalities, Ltd., the Court having reviewed the file and being

21 otherwise duly advised in the premises,

22 IT IS HEREBY ORDERED:

23 The Motion to Dismiss is GRANTED.

24 Dated:_____           _____
25                                          The Honorable William H. Orrick

---

**[PROPOSED] ORD. GRANTING MOT. TO DISMISS**