1  Andrew J. Dhuey (State Bar No. 161286)
   ajdhuey@comcast.net
2  456 Boynton Avenue
   Berkeley, CA 94707
3  Tel:  510-528-8200

4  *Attorney for Defendants David John Slater*
5  *and Wildlife Personalities, Ltd.*

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9  NARUTO, a Crested Macaque, by and through )  Case No.: 15-cv-4324-WHO
   his Next Friends, PEOPLE FOR THE           )
10 ETHICAL TREATMENT OF ANIMALS,              )  **REPLY IN SUPPORT OF MOTION TO**
   INC., and ANTJE ENGELHARDT, Ph.D.          )  **DISMISS THE COMPLAINT FOR LACK**
11                                            )  **OF STANDING AND FAILURE TO**
12                  Plaintiff,                )  **STATE A CLAIM UPON WHICH RELIEF**
                                              )  **CAN BE GRANTED**
13       vs.                                  )  **[FED. R. CIV. P. 12(b)(1), 12(b)(6)]**
                                              )
14 DAVID JOHN SLATER, an individual,          )  Date:       Jan. 6, 2016
   BLURB, INC., a Delaware corporation, and   )  Time:       2:00 p.m.
15 WILDLIFE PERSONALITIES, LTD., a            )  Courtroom:  2, 17th Floor
   United Kingdom private limited company,    )
16                                            )
                                              )  Judge: Hon. William H. Orrick
17                  Defendants.               )

18

19       In his opposition to the pending motions to dismiss, Plaintiff Naruto fails to make the

20 showing required under *Cetacean Community v. Bush*, 386 F.3d 1169 (9th Cir. 2004): a plain

21 statement from Congress that non-human animals have standing to sue for copyright infringement.

22 That is a lot to ask of a monkey, especially when nothing in Title 17 of the United States Code

23 comes remotely close to being a plain statement granting standing for non-human animals. Given

24 that Plaintiff and his Next Friends People for the Ethical Treatment of Animals, Inc. (PETA) and

25 Antje Engelhardt, Ph.D. do not contend that there is a plain statement in Title 17 granting standing

26 for a monkey, this action must be dismissed for lack of statutory standing and for failure to state a

27 claim upon which relief can be granted.

28

_____
REPLY ISO MOT. TO DISMISS – Defs. Slater and WPL

Even if Congress had granted statutory standing for non-human animals to sue for copyright infringement, this action would still need to be dismissed under Rule 12(b)(6). As Plaintiff observes, "[i]n the case of a photograph, the author is typically 'the person who sets it up and snaps the shutter.'" Opp. 6 (*quoting Aalmuhammed v. Lee*, 202 F.3d 1227, 1232 (9th Cir. 2000)). Snapping the shutter is something any human or monkey can do; setting up what became a world-famous, award-winning photograph is what professional nature photographer Defendant David Slater did.

As a non-human animal, Plaintiff is inherently incapable of setting up the photograph at-issue in this case. Slater set up what became the Monkey Selfie in the course of several grueling days in an Indonesian jungle. Developing a keen understanding of their subjects is a critical skill for any professional photographer, and it was vital here for Slater as he slowly built a trustful, friendly relationship with a group of crested macaque monkeys. Only a talented *human* photographer could have made the artistic choices involving camera lens width, positions and settings (*e.g.*, predictive autofocus, motorwind, and flashgun). PETA insults all professional photographers with the suggestion that seeing your reflection in a lens and pressing a shutter button – by itself – entitles one to a copyright for the photograph, even when someone else made the critical artistic decisions that resulted in a photographic work adored by millions worldwide.

It is a cruel irony that Slater finds himself PETA's litigation target. He and PETA surely agree much more than they disagree on issues of nature conservation and the protection of endangered animal species, including crested macaques. In areas of law where legal standing for non-human animals makes sense, such as the Endangered Species Act, PETA should collaborate with Slater and other professional nature photographers. But the case for non-human animal legal standing must be made in Congress and other national legislatures, not in courts of law.

By: /s/ Andrew J. Dhuey
Andrew J. Dhuey

---

REPLY ISO MOTION TO DISMISS – Page 2