IRELL & MANELLA LLP
David A. Schwarz (State Bar No. 159376)
DSchwarz@irell.com
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067–4276
Tel: 310–277–1010
Fax: 310–203–7199

PETA FOUNDATION
Jeffrey S. Kerr (admitted *pro hac vice*)
JeffK@petaf.org
1536 16th Street NW
Washington, DC 20036
Tel: 202–540–2171
Fax: 202–540–2208

Matthew Strugar (State Bar No. 232951)
Matthew-s@petaf.org
Martina Bernstein (State Bar No. 230505)
MartinaB@petaf.org
2154 W. Sunset Boulevard
Los Angeles, CA 90026
Tel: 323–739–2701
Fax: 213–484–1648

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NARUTO, a Crested Macaque, by and through his Next Friends, PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., and ANTJE ENGELHARDT, Ph.D.<br><br>Plaintiff,<br><br>vs.<br><br>DAVID JOHN SLATER, an individual, BLURB, INC., a Delaware corporation, and WILDLIFE PERSONALITIES, LTD., a United Kingdom private limited company,<br><br>Defendants. | Case No.: 15-cv-4324-WHO<br><br>Assigned to Hon. William H. Orrick<br><br>JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>CMC Date: January 6, 2016<br>Time: 2:00 p.m.<br>Courtroom: 2, 17th Floor |

1  Pursuant to the Northern District of California's Standing Order regarding the content of Joint Case Management Statements, the Local Rules of the Northern District of California, and the Federal Rules of Civil Procedure, Plaintiff Naruto, a Crested Macaque, by and through his Next Friends, People for the Ethical Treatment of Animals, Inc. ("PETA") and Antje Engelhardt, Ph.D. ("Plaintiff"), and Defendants Blurb, Inc. ("Blurb"), David J. Slater, and Wildlife Personalities, Ltd. (together with Blurb, "Defendants," and together with Plaintiff, the "Parties"), by and through their respective counsel, hereby submit this Joint Case Management Statement in advance of the initial case management conference scheduled for January 6, 2016, at 2:00 p.m.

### 1. Jurisdiction and Service

All Defendants were properly served, and there is no dispute as to personal jurisdiction. Defendants have filed motions to dismiss challenging Plaintiff's standing under Federal Rule of Civil Procedure 12(b)(1). Those motions are scheduled to be heard on the same day as the case management conference. There are no other disputes related to jurisdiction.

### 2. Facts

<u>Summary of Plaintiff's Allegations</u>

Plaintiff Naruto is a crested macaque living on the island of Sulawesi, Indonesia. In or around 2011, Naruto found an unattended camera brought into Naruto's habitat by Defendant Slater. Using that camera, Naruto took a series of photographs of himself (the "Monkey Selfies"). Naruto took the Monkey Selfies spontaneously and without human assistance. Thereafter, Defendants displayed, advertised, reproduced, distributed, offered for sale, and sold copies of the Monkey Selfies in the United States and elsewhere, including in a book published by Defendants which featured one of the Monkey Selfies on its cover. In addition, Defendants have publically represented that they—rather than Plaintiff—own the copyright to the Monkey Selfies, even going so far as serving cease and desist letters on third parties who, like Defendants, reproduced the Monkey Selfies in violation of Plaintiff's exclusive rights.

Through his Next Friends, Plaintiff brought this case to establish ownership of the copyright to the Monkey Selfies as well as for damages and other relief.

Summary of Blurb's Response

Blurb is a self-publishing and marketing online platform that allows users to design and self-publish professional-quality printed books.  Next Friends allege that Blurb infringed a copyright purportedly belonging to Naruto when David J. Slater created and self-published a book containing the Monkey Selfies using Blurb's service.  Blurb denies that it is the publisher of Mr. Slater's book, denies that it has ever claimed to own a copyright to the Monkey Selfies, and denies that it has infringed any copyright in the Monkey Selfies held by Naruto.  To the contrary, as a monkey, Naruto lacks standing to bring a suit for copyright infringement and is not otherwise entitled to any protection under the Copyright Act.  Accordingly, Blurb has moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**3.  Legal Issues**

As currently pleaded, the principal disputed legal issues in this action are:

- Whether an animal has standing to sue under the Copyright Act.
- Whether an animal can be an "author" pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, and, thus, whether an animal is entitled to the exclusive rights associated with copyright ownership.
- Whether Defendants are liable to Plaintiff for copyright infringement.
- Whether Plaintiff is entitled to damages, declaratory, injunctive, and other relief, as well as a payment of costs, including attorney's fees.

**4.  Motions**

Defendants have filed separate motions to dismiss that are scheduled for a hearing on the same date as the case management conference, January 6, 2016.  Should the motions to dismiss be denied, Defendant Slater anticipates requesting leave from this Court to file an interlocutory appeal pursuant to Rule 5 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1292(b).  Following fact discovery, all Parties anticipate filing cross-motions for summary judgment.

The Parties submit that additional motions may become necessary as the case progresses, the subjects of which are not presently known.

### 5.  Amendment of Pleadings

Plaintiff has not filed any amended pleadings, and Defendants have not yet filed an answer to the complaint.  Plaintiff reserves the right to file an amended complaint should the Court be inclined to grant the motions to dismiss or if the progress of discovery reveals the presence of additional claims or parties that are currently unknown to Plaintiff.  The Parties have agreed to a deadline for the joinder of parties and amendment of pleadings, as indicated in response to Number 17 below.

### 6.  Evidence Preservation

The Parties certify that the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.   The Parties do not anticipate a need for any extraordinary procedures for evidence preservation and are cognizant of their obligations to preserve relevant, discoverable evidence in both physical and electronic form. The Parties have taken steps to preserve discoverable evidence relevant to the issues reasonably evident in this action.

### 7.  Disclosures

The Parties have agreed to exchange initial disclosures within 14 days following a ruling on the pending motions to dismiss.

### 8.  Discovery

The Parties agreed to defer propounding discovery requests until after a ruling on the pending motions to dismiss.  Thereafter, the Parties agreed to proceed with discovery based on the schedule set forth in response to Number 17 below.

After meeting and conferring, the Parties do not foresee any disputes concerning the proper scope of discovery. In addition, the Parties do not believe that a stipulated e-discovery order is necessary in this case. The Parties agreed that communications with litigation counsel need not be produced or recorded on a privilege log.  With that exception, the Parties do not anticipate any other limitation or modification to the default discovery obligations imposed by the Federal Rules

of Civil Procedure and the Local Rules of this Court. The Parties will meet and confer in good faith should any dispute arise concerning the scope of discovery.

**9. Class Actions**

This action is not a class action.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiff seeks a judgment:

1) declaring Plaintiff is the author and copyright owner of the Monkey Selfies;

2) permanently enjoining and restraining Defendants, their agents, servants, employees, successors, and assigns and all those in active concert or participation with one or either of them, from copying, licensing or otherwise exploiting the Monkey Selfies, and prohibiting Defendants, or any of them, from assisting or authorizing any third party to engage in any of the actions prohibited by this subparagraph;

3) requiring Defendants to account for all proceeds, expenses and profits related to Defendants' infringement of Plaintiff's copyright in the Monkey Selfies;

4) ordering Defendants to disgorge any and all profits from their individual or joint infringements of Plaintiff's copyright in the Monkey Selfies;

5) awarding damages in such amount as may be found or as otherwise permitted by law.

Defendants have not yet filed an answer or any counter-claims, but deny that Plaintiff is entitled to any damages, injunctive relief or other relief of any kind.

Defendants reserve their right to seek attorneys' fees pursuant to 17 U.S.C. § 505.

**12. Settlement and ADR**

The Parties have deferred discussion of any potential settlement, mediation or other ADR until after a ruling on the motions to dismiss.

### 13. Consent of Magistrate

The Parties do not consent to have a magistrate judge conduct all further proceedings in this matter.

### 14. Other Reference

The Parties do not believe special reference is appropriate.

### 15. Narrowing of Issues

The case needs further development before any narrowing of issues can occur.

### 16. Expedited Schedule

The Parties have agreed not to propose an expedited schedule for this matter.

### 17. Scheduling

The Parties propose the following deadlines:

- Joinder of additional parties:  May 31, 2016
- Amendment of pleadings:  May 31, 2016
- Close of fact discovery:  July 15, 2016
- Initial expert disclosures:  July 15, 2016
- Rebuttal expert disclosures:  August 15, 2016
- Close of expert discovery:  August 26, 2016
- Deadline to file dispositive motions:  September 9, 2016
- Pre-trial conference:  December 12, 2016 or thereafter when the Court is available
- Trial:  January 9, 2017 or thereafter when the Court is available

### 18. Trial

Plaintiff has requested a trial by jury.  Defendants have not yet requested a trial by jury. Plaintiff estimates that trial will take approximately 5–7 court days.  Defendants estimate that trial will take 3–5 days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

The Parties have filed Certifications of Interested Entities or Persons to the extent required by Civil Local Rule 3-16.

**20.   Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  December 30, 2015          Respectfully submitted,

IRELL & MANELLA LLP


By: /s/ David A. Schwarz
    David A. Schwarz
*Attorneys for Plaintiff*


COOLEY LLP

By: /s/ Angela L. Dunning
    Angela L. Dunning
*Attorneys for Defendant BLURB, INC.*


By: /s/ Andrew Dhuey
    Andrew Dhuey
*Attorney for Defendants*
DAVID J. SLATER AND WILDLIFE PERSONALITIES, LTD.

FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, David A. Schwarz hereby attests that concurrence in the filing of this document has been obtained.

By: /s/ David A. Schwarz
    David A. Schwarz

1   PURSUANT TO STIPULATION, IT IS SO ORDERED that the following deadlines shall
2   apply:
3   - Joinder of additional parties:  May 31, 2016
4   - Amendment of pleadings:  May 31, 2016
5   - Close of fact discovery:  July 15, 2016
6   - Initial expert disclosures:  July 15, 2016
7   - Rebuttal expert disclosures:  August 15, 2016
8   - Close of expert discovery:  August 26, 2016
9   - Deadline to file dispositive motions:  September 9, 2016
10  - Pre-trial conference:  December ____, 2016
11  - Trial:  January ____, 2017

Dated:  _____                    _____
                                              The Honorable William H. Orrick

- 7 -

5749692                 JOINT CASE MANGEMENT STATEMENT; [PROPOSED] ORDER